# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLARENCE JOHNEL WHITE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEPHEN SPAULDING, ) <br> ) <br> Defendant. ) | Civil Action No. <br> 19-11102-FDS |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

Plaintiff Clarence Johnel White is a prisoner at FMC Devens. He has filed a document captioned as a "Memorandum of Law in Support of Plaintiff's Emergency Motion for Preliminary Injunction & TRO" ("Memorandum"). He did not file an underlying complaint or motion or pay the filing fee. For the reasons stated below, the Court will deny the request for a temporary restraining order and direct White to file a complaint if he wishes to proceed with this action and either pay the filing fee or move to proceed *in forma pauperis*.

## I. Factual Background

White alleges that he was transferred to FMC Devens in December 2018 to undergo surgery for a replacement of his right hip. According to White, he suffers from right hip bone-on-bone osteoarthritis. He states that in 2017, when he was incarcerated at FCI Seagoville in Texas, an orthopedic surgeon recommended that he undergo total hip replacement surgery. However, a physician at FMC Devens, Dr. Murray, allegedly refused to allow him to receive the surgery or even to have a consultation with an orthopedic specialist. White further alleges that

Dr. Murray believes that he is malingering when he reports that the right hip osteoarthritis causes excruciating pain that interferes with his daily activities.

According to White, he learned on March 26, 2019, that his request for a consultation with an orthopedic specialist had been denied. He further represents that it was not until May 16, 2019, that he learned that his request for surgery had been denied and that Dr. Murray had concluded that he would be transferred back to the FCI Seagoville without any further medical care at FMC Devens. He alleges that he informed Dr. Murray that his conduct constituted deliberate indifference, to which Dr. Murray allegedly responded, "[T]hen file a grievance and file suit on me." Mem. at 4.

White asks that this Court order that he remain at FMC Devens until he receives appropriate treatment for his hip, including treatment for the "unnecessary and wanton pain the Plaintiff is suffering while awaiting possible corrective surgeries." *Id.* at 7.

## II. Discussion

### A. Filing of a Complaint

As a preliminary matter, this action has not been properly commenced because plaintiff has not filed a complaint. *See* Fed. R. Civ. P. 3. A court cannot grant a motion for relief of any kind without an underlying complaint that contains a statement of the court's jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief," and a demand for relief. *See* Fed. R. Civ. P. 8(a). If plaintiff wishes to pursue this action, he must file a complaint.[1]

---

[1] The factual allegations and legal assertions within the memorandum identify what presumably would be the basis of a complaint: a claim premised on the theory that the alleged failure to provide adequate medical treatment violates his right under the Eighth Amendment to be free from cruel and unusual punishment. However, the memorandum does not name any defendants, and the caption of the memorandum simply identifies "Stephen Spaulding, Warden, et al." as defendants. The memorandum does not contain any allegations of misconduct by Warden Spaulding.

## B. Request for a Temporary Restraining Order

For the limited purposes of addressing the request for a temporary restraining order ("TRO"), based on the factual allegations in the memorandum, a TRO is not warranted. A TRO may only issue on an *ex parte* basis if "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the person seeking the temporary restraining order "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Here, plaintiff has not certified his efforts to give notice to the defendants of his motion for emergency relief or explained why such notice should not be required.

Moreover, even assuming for present purposes that plaintiff has adequately pleaded deliberate indifference by Dr. Murray, he has not shown a likelihood of success of the merits of the claim. The Prison Litigation Reform Act of 1995 mandates that an inmate exhaust "such administrative remedies as are available" before bringing suit to challenge prison conditions. 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, --U.S.--, 136 S. Ct. 1850, 1858 (2016) (holding there is no "special circumstances" exception to the PLRA exhaustion requirement).

In light of the short period of time between the dates of the alleged misconduct and the mailing of the memorandum, it appears nearly impossible that plaintiff has exhausted his administrative remedies. Under Bureau of Prisons regulations, the administrative remedy process consists of (1) the prisoner's attempt an informal resolution; (2) the prisoner's submission of an Administrative Remedy Request on a BP-9 form, and the Warden's response; (3) an appeal to the Regional Director on a BP-10 form, and the Regional Director's response; and (4) an appeal to the BOP General Counsel on a BP-11 form. *See* 28 C.F.R. §§ 542.13-542.15. Plaintiff alleges that he did not learn until May 16, 2019 that the surgery was denied and

that he would be transferred back to FCI Seagoville without receiving medical treatment at FMC Devens. His signature on the memorandum is dated May 20, 2019. The clerk received the memorandum on May 22, 2019. It is hard to imagine that plaintiff completed all four levels of administrative exhaustion in a five-day period.

    C.    **Filing Fee**

Finally, if plaintiff wishes to pursue this action, complaint, he must either pay a $350 filing fee and the $50 administrative fee or file a request to proceed without prepayment of the fee (often referred to as a motion for leave to proceed *in forma pauperis*). Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Even the Court dismisses the action upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, or plaintiff is otherwise unsuccessful in this action, he remains obligated to pay the $350 filing fee.[2]

## III.    Conclusion

For the foregoing reasons, plaintiff's request for a temporary restraining order is DENIED. If plaintiff wishes to pursue this action, within 35 days of the date of this order (that is, by July 5, 2019), he must (a) ***either*** pay the $350 filing fee and $50 administrative fee ***or*** file a motion for leave to proceed *in forma pauperis* with a six-month certified prison account statement ***and*** (b) file a complaint. Failure to comply with this order will result in dismissal of the action without prejudice. The clerk shall send plaintiff an Application to Proceed in District

---

[2] The $50 administrative fee is waived for a prisoner proceeding *in forma pauperis*.

Court Without Prepaying Fees or Costs, which plaintiff may complete and file (with the prison account statement) as a motion for leave to proceed *in forma pauperis*.

**So Ordered.**

Dated: May 31, 2019

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge